# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>**MARCEL DARON KING** | ) **JUDGMENT IN A CRIMINAL CASE**<br>) (For **Revocation** of Probation or Supervised Release)<br>)<br>) USDC Case Number: 0971 3:10CR00455-001 WHA<br>) BOP Case Number: DCAN310CR000455-001<br>) USM Number: 14755-111<br>) Defendant's Attorney: Daniel Blank |

## THE DEFENDANT:

☑ admitted guilt to violation of condition(s) __Charges Three through Six__ of the term of supervision.

☑ was found in violation of conditions(s) __Charges One and Two__ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| One | Commit Another Federal, State, or Local Crime | 6/8/2013 |
| Two | Commit Another Federal, State, or Local Crime | 8/25/2013 |
| | | |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 8922

Defendant's Year of Birth: 1987

City and State of Defendant's Residence:
San Francisco, California

12/17/2013
Date of Imposition of Judgment

Signature of Judge
The Honorable William Alsup
United States District Judge
Name & Title of Judge

12/19/2013
Date

DEFENDANT:  MARCEL DARON KING
CASE NUMBER:  0971 3:10CR00455-001 WHA

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| Three | Failure to Notify the Probation Officer within Seventy-Two Hours of being Arrested or Questioned by a Law Enforcement Officer | 8/25/2013 |
| Four | Failure to Abstain from Alcohol | 7/28/2013 |
| Five | Failure to Submit a Truthful and Complete Written Report within the First Five Days of Each Month | 8/5/2013 |
| Six | Failure to Participate in a Program of Testing and Treatment for Alcohol and Drug Abuse | 8/1/2013 |

| | |
|---|---|
| DEFENDANT: MARCEL DARON KING | Judgment - Page __3__ of __6__ |
| CASE NUMBER: 0971 3:10CR00455-001 WHA | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

18 Months

☐ The Court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ am ☐ pm on _____ (no later than 2:00 pm).

    ☐ as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ at _____ am pm on _____ (no later than 2:00 pm).

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

DEFENDANT:  MARCEL DARON KING                                    Judgment - Page __4__ of __6__
CASE NUMBER:   0971 3:10CR00455-001 WHA

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
18 Months

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☑   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;
2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   The defendant shall support his or her dependents and meet other family responsibilities;
5)   The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MARCEL DARON KING
CASE NUMBER: 0971 3:10CR00455-001 WHA

Judgment - Page __5__ of __6__

# SPECIAL CONDITIONS OF SUPERVISION

✓ All conditions as previously imposed

1. The defendant shall abstain from the use of all alcoholic beverages.

2. The defendant shall participate in a program of testing and treatment for alcohol and drug abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

3. The defendant shall submit his or her person, property, place of residence, vehicle, and personal effects to a search at any time of the day or night, with or without a warrant, with or without probable cause, and with or without reasonable suspicion, by a probation officer or any federal, state or local law enforcement officer. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

4. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons and shall not be present in a vehicle where the defendant knows any firearm or ammunition is present.

5. Unless directed in writing otherwise, the defendant shall check his or her voice mail and/or answering machine on a daily basis to determine if any instructions were left by the probation officer. The defendant shall follow all such instructions, including but not limited to drug testing.

6. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

7. Upon release from confinement, the defendant shall reside for a period of six (6) months, to commence, immediately after his release from custody, in a Residential Re-entry Center (RRC) and shall observe the rules of that facility.

8. The defendant shall participate in a residential drug treatment program approved by the U.S. Probation Officer for treatment of narcotic addiction, alcohol abuse, or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director or Probation Officer.

9. The defendant shall participate in a mental health treatment program, and shall pay for part or all of the cost of treatment, as directed by the probation officer. The defendant shall adhere to a co-payment schedule as determined by the probation officer.

10. The defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

11. The defendant shall make an application to register as a drug offender pursuant to state law.

12. The defendant shall perform 20 hours of community service, per week, if not employed full-time, or enrolled in an education or vocational training program, as directed by the probation officer.

13. The defendant shall not contact the victim, Ashley Anderson, by any means, including in person, by mail or electronic means, or via third parties. Further, the defendant shall remain at least 100 yards from the victim(s) at all times. The defendant shall not visit the victim's home at anytime, even if she is not present. If any contact occurs, the defendant shall immediately leave the area of contact, and report the contact to the Probation Officer.

*(CAN Rev. 09/13)*
AO 245B  (Rev. 09/11) Judgment in Criminal Case for Revocations
    Sheet 3C - Supervised Release

| DEFENDANT:   MARCEL DARON KING | Judgment - Page <u> 6 </u> of <u> 6 </u> |
|---|---|
| CASE NUMBER:   0971 3:10CR00455-001 WHA | |

# ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

14. The defendant must complete a state approved domestic violence counseling program.

The defendant must pay the total monetary penalties as originally imposed on April 8, 2011, less any payments already received.

Special assessment: $100
Fine:  Not applicable
Restitution:  Not applicable